# 7616

No.7 6 1 6.

Court of Appeal----Parish of Orleans.

Mrs. William Brockhoeft -vs- Life Insurance Company

of Virginia.

Dinkelspeil, J.

Plaintiff, assisted by her husband, brings this suit against the Life Insurance Company of Virginia, domiciled in Richmond, Virginia, for the sum of $234.40, for this to-wit:

That having been duly recognized as the sole and only heir of her late brother, John Haydel, and as such entitled and sent into possession of two certain policies of life insurance on the life of her said brother in defendants company, and which said defendant company refuses to pay, all of which appears by the judgment and proceedings in the succession of her brother, being numbered 112, 873, of the docket of the Civil District Court; she prays to be recognized, put in possession and that the defendant company pay her the amount in question.

The answer of the defendant company admits liability and has deposited the money in the registry of the Civil District Court.

Pending the proceedings an intervention was filed in behalf of the Succession of Joseph Rumore, said Succession being represented by Mrs. Louia Rumore Bruno, administratrix, resisting the demand of plaintiff and denying all of the allegations in her petition, and further alleging, that there were two polic- -ies à issued on the life of the deceased Haydel; that the deceased had requested a change of beneficiary, at different times, which more fully appears by the original transfers in the policies themselves; that the intervenor is entitled to receive the benefits under said policies aggregating the sum of $260.00, and pleading in the alternative, in the event that the Courts should hold that said transfers did not constitute a valid change of beneficiaries so as to make her and the Succession the beneficiary under the policies in x question, then avers that Joseph Rumore paid the insurance premiums in said under said policies from the date of the said before mentioned transfers, to-wit, March, 26th. 1907, up to

29

the death of said assured in all amounting to the sum of $176.00., and in case that she is not recognized as the owner of the money in question, as prayed for, that the amount of premiums, to-wit: the sum of $176.00., be paid her by preference over all other persons out of the benefits accruing under said policies.

The answer of defendant company claims that the amount involved in this case was subject to a deduction under the terms of the policies by reason of the misstatement of the age of the assured thus reducing the claim liability to $234.40., which amount it has paid into the registry of the Court, and depositing the money admits its liabil- -ity to that extent and asks for protection from suits against it.

The issues thus made between the parties was decided by his Honor, Judge H. C. Cage, of Division 'A', from w which this appeal is taken, in an able opinion which we adopt as our own, and is as follows:

"John Haydel, who was not married, and had neither ascendants nor decendants, on the 16th. of May, 1904, took out a life insurance policy, being number 1433901, in the Life Insurance Company of Virginia, for the sum of Seventy-four Dollars, the amount insured being made, by the terms of the policy, payable to his executors or administrators, being, therefore, what is commonly known as a life insurance pol- -icy, payable to the estate of the insured.

"On the 10th. of December, 1916, John Haydel took out another policy, being No. 1763065, in the Life Insurance Company of Virginia, for the sum of $186.00., made as payable 'unto the person named as beneficiary under this policy', which is also, necessarily, one in favor of his estate when dead.

"On the 26th. day of March, 1907, he assigned his rights h in and to the policy No. 1763065, by a document in which he designated Joseph Rumore as the beneficiary thereof, at the s same time handing to Rumore the policy No. 1763065, for $186.00.

"On the same day and in the same manner, he assigned the policy No.1433901, to Joseph Rumore, handing him the assignment and the policy.

"John Haydel died intestate, in this City, on April 19th. 1915, leaving as his sole legal heir his sister, Mrs. Josephine Haydel, wife of William Brockhoeft, and on June 11th. 1915, this sister opened his succession in the Civil District Court for the Parish of Orleans, under the No.113875, set up these facts, set up that the only personal property left by the deceased was the proceeds of these two insurance policies, amounting to $234.40., ad asked to be recognized as the sole and only heir of John Haydel, and as such to be sent into possession of his estate, subject to whatever du debts he left, and on this application a judgment was rendered and signed June 14th. 1915, recognizing her as the sole heir and sent into possession of his estate and par--ticularly of the two life insurance policies hereinbefore described.

"That thereafter, on April 28th, 1916, she brought this suit against the Life Insurance Company of Virginia for $234.40, basing her cause of action upon her heirship and judgment recognizing her as the sole heir of John Haydel and as such sending her into possession.

"As in the mean time Joseph Rumore had notified the Insurance Company of the assignment and transfer to him of all the rights of Haydel under and in and to the said policy, the Life Insurance Company of Virginia deposited the sum admitted by them to be due, namely, $234.40, in the registry of the Court.

31

"Thereupon, on July 6th, 1916, Joseph Rumore in the mean-time having died, his succession, through Mrs. Louisa Rumore Bruno, administratrix of his estate, intervened in this suit and set up the assignments hereinbefore described, and claim-ed the proceeds of the policies which the intervenor alleged to be $260.00 instead of $234.40, but intervenor also alleged, in the petition of intervention, that Rumore had paid premium a on the policies aggregating $176.00 and therefore the Succes-sion intervenor prayed for judgment against the Life Insurance Company of Virginia in the sum of $260.00, or, in the alterna-tive, for the amount of premiums paid.

" On the trial of the case there seems to be no question that owing to misstatement of age the face value of the poli-cies was reduced from the sum of $260.00 to the sum deposited in the Registry of the Court $234.40, and the litigation before the Court is as to which litigant shall get the amount deposit-ed in the Court, the legal heir, Mrs. Brockhoeft, or the Inter-venor, The Succession of Rumore."

" Mrs. Brockhoeft first pleads that the assignment to Rumore is null and void and against public policy, he being neither a relative dependent upon Haydel nor a creditor of Haydel."

" In the Succession of Hearing, 26th., La., A.327, the Court said:-

"A man may take out a policy of insurance on his life and name anyone, or having taken it out in his own name he may, with the consent of the insurers, transfer it to whom he pleases".

" This authority was quoted with approval by the Supreme Court in the case of New York Life Insurance Company Vs. Murtagh, et al, 137 La. A, at page 760, et seq, and in that case the Supreme Court said that this doctrine had been approved in the follow-ing cases:- 46th., Ann, 347; 25 L.R.A. 627; 137 Mich, 266; and quoted with approval from the dicta of the Michigan Court the following:-

" The insurance of one's life for the benefit of another hav-ing no insurable interest therein is not contrary to public policy".

" Under these authorities, it is plain that the objection that transferree instituted as beneficiary, Rumore, had no

32

9nterest in the life of Haydel, is without merit."

" The second objection made by Mrs. Brockhoeft, to the claim of the Intervenor, Succession of Rumore, is that the assignments introduced in evidence have the following clauses:-

" In case of change of beneficiary to be friend, creditor, relative by marriage, or any other person not having a lawful insurable interest in the life insured, a letter giving full particulars as to why such change is desired must accompany this form, signed by the insured."

" This form is to be drawn in duplicate, one copy to be attached to the Policy and the other forwarded to the Home Office to be filed with the application".

"She argues from this that under the authority of New York Life Insurance Company Vs. Mutagh, 137 La. Ann, 76$_0$, that the assignment is null and void."

" An examination of that authority shwos that the policy of insurance itself, which · as the contract and the law between the parties, contained a clause that no change of beneficiary should take effect until endorsed on the policy by the Company at its Home Office, and the Court held, that the contract was the law between the parties and that as this had not been complied with that no change of beneficiary took place until these conditions of the policy has been fulfilled".

"There is no such clause in the policies sued on and the memorandum placed by Mrs. Brockhoeft not being part of the contract between Haydel and the Insurance Company can have no effect".

" In my opinion the law that governs this case is Articles 2642 and 2643 of the Civil Code, read together:

"Art.2642, "In the transfer of credits, rights or claims to a third person, the delivery takes place between the transferrer, and transferree by the giving of the title".

"Art.2643 "The transferreee is only possessed, as it regards third persons, after notice has been given to the debtor of the transfer having taken place."
"The transferreee may nevertheless become possessed by the acceptance of the transfer by the debtor in an authorito act!

"The policies themselves were the titles so far as this case is concerned and the delivery of them by Haydel to Rumore at the time of the assignment, transfer, change of beneficiary, made the

33

the transaction complete as between Haydel and Rumore".

"Mrs. Brockhoeft plainly cannot claim to be a third person in the sense of Article 3643 for the reason that she appears herein not as a creditor or forced heir of Haydel but, she claims, as a legal heir, standing in the shows of Haydel, having accepted his succession purely and simply and therefore she is, as to this transaction, the transferree, and the contract was complete at the date of the transfer and the handing and the delivery of the titles.#

" Let there be judgment entered in favor of the Life Insurance Company of Virginia, declaring that the deposit by it of Two hundred and twenty four and 40/100 ($224.00) Dollars in the Registry of the Court was fully discharged of all its obligations in the premises and hence dismissing it with its costs; let there be further judgment against the plaintiff, Mrs.William Brockhoeft dismissing her suit at her costs; and let there be further judgment in favor of the Succession of Rumore recognizing it as the transferree and beneficiary of the policies sued on, and as such entitled to recover and receive the $224.40 deposited in the Registry of the Court, and ordering Thomas Connell, Clerk, to turn over said amount to her, with accrued interest, and let all the costs of these proceedings be paid by the plaintiff, Mrs. Brockhoeft."

Judgment affirmed,